UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

JAMAL THOMAS,

        Plaintiff,                   Case No. 1:18-cv-860

v.                                      Honorable Robert J. Jonker

P. DICKSON et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The events about which he complains, however, occurred at the Richard A. Handlon Correctional

Facility (MTU) in Ionia, Ionia County, Michigan. Plaintiff sues MTU mailroom employee P. Dickson and Assistant Resident Unit Manager (unknown) Wallace.

Plaintiff alleges that, on August 27, 2015, a Notice of Package Rejection was written with respect to "1 package containing large quantity of legal papers. . . . [M]ail is too voluminous for mailroom staff to effectively search." (Compl., ECF No. 1, PageID.3.) Plaintiff, however, did not receive a copy of the notice until sometime between September 16 and 24, 2015, likely because he was placed in segregation and then transferred to the Earnest C. Brooks Correctional Facility (LRF). On September 24, 2015, Petitioner wrote a letter to the LRF mailroom staff, responding to the notice and requesting additional time to file a grievance. Mailroom staff member S. Payton responded, "Your ARUS Wallace[] is correct. You have 10 businness days to respond to the destroy notice. If you do not wish it to be destroyed you may have someone pick these documents up for you." (*Id.*) Plaintiff does not know what happened to the legal documents, as he was again transferred, this time to the Kinross Correctional Facility (KCF).

Plaintiff alleges that he has been deprived of his right to access the courts, because the destruction or loss of his legal documents now prevent him from filing a motion for relief from judgment under Mich. Ct. R. 6.502(G)(2), as well as a habeas corpus petition in the federal courts. Plaintiff also contends that he was deprived of a hearing as required under MDOC Policy Directive 04.07.112 ¶ O. Plaintiff alleges that, had he been provided a hearing, he would have been permitted to keep the excess legal property under MDOC Policy Directive ¶¶ CC-FF. He suggests, though he does not specifically allege, that the taking of his legal property without a hearing deprived him of his right to procedural due process.

Plaintiff seeks declaratory relief, together with compensatory and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

3

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

   III.   **Lack of Allegations**

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even mention Defendant Dickson in the body of his complaint. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the

claim showing that the pleader is entitled to relief"). He therefore fails to state a claim against Defendant Dickson.

### IV. Access to the Courts

Plaintiff alleges that he was denied his right to access the courts to challenge his convictions, because, absent the legal property, he could not bring a motion for relief from judgment in the state court or a habeas action in the federal court.

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413,

416 (6th Cir. 1996). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

In order to determine if Plaintiff's allegations are sufficient to demonstrate that he suffered actual injury to a nonfrivolous challenge to his convictions, the Court must consider Plaintiff's past attempts to challenge those convictions and whether any nonfrivolous avenues remain for challenging them.

Following a jury trial in the Wayne County Circuit Court, Plaintiff was convicted of five offenses: first-degree home invasion, Mich. Comp. Laws § 750.110a(2); assault with intent to commit murder, Mich. Comp. Laws § 750.83; assault with a dangerous weapon (felonious

assault), Mich. Comp. Laws § 750.82; being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. On May 12, 2006, the court sentenced Plaintiff to the following terms of imprisonment: 26 to 50 years on the home invasion; 50 to 100 years on the assault with intent to murder; 2 years, 4 months to 4 years on the felonious assault; 3 years, 4 months to 5 years on the felon in possession; and 2 years on the felony firearm.

Plaintiff appealed his convictions to the Michigan Court of Appeals and the Michigan Supreme Court, raising numerous grounds for relief in both the brief filed by counsel and in a pro per supplemental brief. In an unpublished opinion issued on December 13, 2007, the court of appeals denied all appellate grounds and affirmed the convictions. *See People v. Thomas*, No. 270679 (Mich. App. Dec. 13, 2007), http://publicdocs.courts.mi.gov/opinions/final/coa/ 20071213_c270679_52_270679.opn.pdf (last visited Aug. 15, 2018). The supreme court denied leave to appeal on April 28, 2008. *People v. Thomas*, No. 135668 (Mich. Apr. 28, 2008), http: //publicdocs.courts.mi.gov/sct/public/orders/20080428_s135668_58_135668_2008-28_or.pdf.

Plaintiff filed a habeas corpus action in the Eastern District of Michigan on July 27, 2009, raising five grounds for relief. *See Thomas v. Lafler*, No. 2:09-cv-12958 (E.D. Mich.). On August 17, 2016, following review of the entire state-court record, the court denied habeas relief. (2:09-cv-12958, ECF No. 28, PageID.1084-1100.) Plaintiff appealed to the Sixth Circuit. On August 6, 2018, the Sixth Circuit affirmed Plaintiff's conviction. (*Id.*, ECF No. 34, PageID.1110-1134.) Under federal law, Plaintiff is not entitled to file a second or successive habeas corpus application, unless first authorized by the Sixth Circuit, 28 U.S.C. § 2244(b)(3)(A), and then only if:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

While his federal habeas action was pending, Plaintiff filed a motion for relief from judgment in the Wayne County Circuit Court, raising an unknown number of claims. The trial court denied the motion on October 14, 2011. Plaintiff sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave to appeal on September 19, 2012, and April 29, 2013, respectively.

Under Michigan law effective August 1, 1995, a defendant ordinarily may file only one motion for relief from judgment under Michigan Court Rule 6.500 *et. seq*. *See* Mich. Ct. R. 6.502(G)(1). A defendant may only file "a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion." Mich. Ct. R. 6.502(G)(2).

In light of the strict limitations on Plaintiff's ability to file any nonfrivolous second motion for relief from judgment or second/successive application for writ of habeas corpus, Plaintiff must allege how the missing legal documents affect his ability to mount a challenge that falls within those restrictions. Plaintiff makes no such allegations. He does not allege a change in the law, newly discovered evidence, or actual innocence, much less indicate how the papers he is missing affect his ability to raise such claims. Plaintiff therefore fails to allege actual injury to his ability to pursue a nonfrivolous challenge to his convictions.

V.     **Due Process**

Plaintiff alleges that, because he was denied the hearing required under MDOC Policy Directive 04.07.112 ¶ O, he was deprived of his legal property, which he should have been permitted to keep under MDOC Policy Directive ¶¶ CC-FF. Plaintiff also suggests that the deprivation of his property without a hearing violated his right to procedural due process.

To the extent that Plaintiff alleges that Defendants failed to comply with an administrative rule or policy, he fails to state a claim of constitutional dimension. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

Moreover, Plaintiff's procedural due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and

9

prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. Mich. Dep't of Corr., Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivations of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff fails to state a due process claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action must be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: September 11, 2018 /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE